IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| NADIYAH JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 20-00074-CV-RK |
| ) | |
| ) | |
| ANDREW M. SAUL, ) | |
| COMMISSIONER OF SSA; ) | |
| ) | |
| ) | |
| Defendant. | |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis*, 239 F.3d at 966). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d

549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ found Plaintiff had the following severe impairments: major depressive disorder, bilateral carpel tunnel syndrome, obesity, and degenerative joint disease. The ALJ listed no non-severe impairments. The ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform "light work as defined in 20 CFR 416.967(b) except can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance, kneel or crouch; occasionally stoop or crawl, never work unprotected heights; limited to simple, repetitive tasks and simple, work-related decisions; can carry out detailed but uninvolved instructions; can have frequent interactions with supervisors; occasional interactions with coworkers and the general public; and, further, she would be off task 5 percent of the workday." Although the ALJ found that Plaintiff has no past relevant work experience, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy.

On appeal, Plaintiff argues (1) the ALJ failed to consider the opinion of a psychologist who examined Plaintiff, and (2) the ALJ's RFC determination is not supported by substantial evidence. Plaintiff's arguments are without merit.

Plaintiff argues the ALJ failed to weigh the opinion of psychologist Amy Fisch, Ph.D., who examined Jordan in July 2017. (Doc. 8, 7.) Further, Plaintiff argues 20 C.F.R. § 404.1520(c) required the ALJ to consider Fisch's opinion, and the ALJ's failure to do so therefore constitutes error. (*Id.*) In response, Defendant argues the ALJ did not need to evaluate Fisch's opinion because it predated the alleged onset date of Plaintiff's disability. (Doc. 12, 8.) Defendant's argument is correct. A medical opinion is defined as: "a statement from a medical source about *what you can still do despite your impairment(s)* and whether you have one or more impairment-related limitations or restrictions in the following abilities . . . ." 20 C.F.R. § 404.1513(a)(3) (emphasis added). The definition's focus on "what you can still do" suggests the opinions that must be considered are those formed after the onset of the alleged disability. *Thorpe v. Berryhill*, No. 3:18-05083-CV-RK, 2019 WL 5423026, at *3 (W.D. Mo. Oct. 23, 2019). And, because the

2

purpose of considering professional opinions is to help determine what ability a claimant retains, opinions provided before the onset of the alleged disability are not necessarily germane. The ALJ's failure to specifically discuss Dr. Fisch's was not error.

Next, Plaintiff argues substantial evidence does not support the ALJ's findings about the severity of Plaintiff's wrist impairments. However, the objective medical evidence suggests there was no swelling; only mild tenderness in her wrists; and, while Plaintiff has carpal tunnel syndrome in both wrists, her grip strength weakness is mild. (Tr. 403, 422, 439, 445.) Further, as the ALJ noted, a brace improved Plaintiff's left wrist, although not her right, and medication largely controlled her muscle spasms. (Tr. 484.) Alice Cox, M.D., a medical expert reviewed these records and opined that Plaintiff retained the ability to frequently use both hands for reaching, handling, fingering, feeling, pushing, and pulling. (Tr. 20, 508.) These objective observations and Dr. Cox's expert opinion constitute substantial evidence supporting the ALJ's RFC determinations regarding Plaintiff's wrists.

Last, the ALJ gave good reasons for the persuasiveness assigned to each medical opinion. The ALJ assigned little weight to the opinions of Lane Peterson, D.O. and Terry Suppes, D.O. because their opinions that Plaintiff faces more severe limitations than the RFC reflects were inconsistent with the objective evidence. Dr. Peterson's opinion received little weight because Dr. Peterson's discussion of symptoms was unaccompanied by objective findings. Dr. Suppes opinion received little weight because it appeared that Plaintiff herself completed the page of the report listing symptoms. The ALJ instead found persuasive the opinion of Dr. Cox, who testified Plaintiff had only mild limitations in her grip strength, because her testimony was based on the entirety of the record. Therefore, the ALJ's decision is supported by substantial evidence.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision for the reasons set forth in the Commissioner's brief.

IT IS THEREFORE ORDERED that the decision of the ALJ is **AFFIRMED**.

                                        s/ Roseann A. Ketchmark
                                        ROSEANN A. KETCHMARK, JUDGE
                                        UNITED STATES DISTRICT COURT

DATED: December 15, 2020